E-FILED
Tuesday, 15 August, 2017 01:59:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| VICTOR O. ROBINSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-04246-SLD-JEH |
| | ) |
| PARR INSTRUMENT COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

ORDER

Before the Court is Plaintiff Victor O. Robinson, Jr.'s Motion for Leave to Amend Complaint, ECF No. 17, against Defendant Parr Instrument Company's ("Parr") in the present product liability action regarding an allegedly defective piece of machinery designed by Parr. For the following reasons, the motion for leave to amend is DENIED.

BACKGROUND[1]

Robinson is a resident of Georgia and a former employee of Renmatix, Incorporated (Robinson alleges that the company was formerly called "Sriya Innovations," but because it is unclear when that change occurred, for the purposes of this motion the Court refers to "Renmatix"). Renmatix purchased a High Pressure/High Temperature Stirred Reactor ("HP/HT Stirred Reactor") that was "made, manufactured, and distributed" by Parr Instruments. At some point while operating the HP/HT Stirred Reactor, Robinson alleges that the seal on the device malfunctioned and that he was exposed to chemicals.

---

[1] For the purpose of resolving a Federal Rule of Civil Procedure 12(b)(6) motion, the factual allegations in a plaintiff's complaint are assumed to be true. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Therefore, unless otherwise noted, the facts set forth here are drawn from the First Amended Complaint, ECF No. 11.

On November 7, 2016, Robinson filed a complaint alleging products liability under a theory of design defect. Compl. ¶¶ 8–17, ECF No. 1. On November 9, 2016, the Court instructed Robinson to file an amended complaint properly alleging the basis for the Court's jurisdiction, *see* Nov. 9, 2016 Order, ECF No. 3, and Robinson did so on November 23, 2016. Am. Compl., ECF No. 4. Parr then filed a motion to dismiss, ECF No. 7, arguing that the complaint was deficient and that the statute of limitations barred Robinson's claim under the Illinois products liability statute. Def.'s Mot. Dismiss ¶¶ 12–21.

Robinson moved to amend his complaint on February 10, 2017, and the Court granted leave to amend in light of Parr's failure to respond to the motion. Therefore, the First Amended Complaint for Products Liability, ECF No. 11, became the operative complaint on February 27, 2017. In that complaint, Robinson alleges for the first time that the release of toxic chemicals "may give rise to liability under CERCLA." First Am. Compl. On March 7, 2017, Parr moved to dismiss that complaint for failure to state a claim. On May 31, 2017, Robinson moved once again to amend his complaint, this time requesting that the Court allow him to add his former employer, Renmatix, as a party. Pl.'s Mem. Supp. Mot. Leave Amend 1, ECF No. 17-1. He does so "in order to set forth additional facts to avert the imposition of defendant's argument relative to the applicable statute of limitations." *Id*. Robinson further alleges in the Second Amended Complaint that his commencement of the action was delayed because Parr's liability insurance company requested a delay in filing so that it could complete the investigation of the HP/HT Stirred Reactor. Second Am. Compl. ¶¶ 10–13, ECF No. 17-2. Parr objected to the motion to amend.

## DISCUSSION

I. Legal Standard

A party can amend his complaint once as a matter of course, but beyond that, a party may amend only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)–(b). For amendment with the court's leave, "a motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir, 2015) (quoting *Otto v. Variable Annuity Life Ins. Co*., 814 F.2d 1127, 1139 (7th Cir. 1986)). Though a court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it still has discretion to deny a motion to amend under certain circumstances. A court may deny leave to amend where there has been "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Gonzalez-Koeneke*, 791 F.3d at 807 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). If a plaintiff's proposed amendment would not cure the deficiencies in previous complaints, such that the amended complaint could not survive another motion to dismiss, the court may deny the motion to amend. *Id.*

II. Analysis

Robinson moves for leave to amend his complaint for a fourth time, in order to add his employer, Renmatix, as a defendant. Pl.'s Mot. Leave Amend First Am. Compl. 1, ECF No. 17. Specifically, he alleges:

> Defendant Renmatix, Inc., is, upon information and belief corporate entity organized and existing under the laws of the State of Pennsylvania and can be served the Summons and Second Amended Complaint upon its registered agent, Todd McLarty, whose address is 1640 Airport Road, Suite 108, Kennesaw, GA 30144.

Second. Am. Compl. ¶ 4.

The Court may raise issues of subject matter jurisdiction sua sponte. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005). Because Robinson's suit arises solely under a

3

theory of state law product liability, he relies on diversity jurisdiction as the basis for bringing his claim in federal court. Second Am. Compl. ¶ 1. Complete diversity of citizenship between parties is required to invoke a federal court's jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009). For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A pleading that points to the place of incorporation yet does not establish a corporation's principal place of business is not sufficient. *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 768 F.2d 189, 190 (7th Cir. 1985).

After repeatedly alleging in other filings that Renmatix is located in Georgia and was his place of work in Georgia, Robinson alleges in the Second Amended Complaint that Renmatix is a Pennsylvania corporation with a corporate representative based in Georgia. Second Am. Compl. ¶ 4. He points only to the place of incorporation and does not identify Renmatix's principal place of business. Additionally, the Magistrate Judge previously informed Robinson that citizenship may not be alleged "upon information and belief." Nov. 9, 2016 Order (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (holding that "to the best of my knowledge and belief" is not sufficient to establish citizenship in pleadings)). Robinson alleges that he is a citizen of Georgia. It is not clear that complete diversity exists between Robinson and Renmatix. The Court denies the motion to amend the complaint, because Robinson has not provided the Court with sufficient information to determine Renmatix's citizenship for the purposes of ensuring that the Court would still have jurisdiction over the claim if Renmatix were added as a party.

CONCLUSION

For the foregoing reasons, the Motion for Leave to Amend the Complaint, ECF No. 17, is DENIED. Additionally, regarding Defendant's Motion to Dismiss, ECF No. 7, Defendant has presented materials outside of the pleadings indicating that Plaintiff's claims are time barred. The Court must either exclude these materials or convert the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). For efficiency's sake, the Court will convert the motion into one for summary judgment pursuant to Rule 12(d). If Plaintiff believes his claim is not time barred, he is directed to submit a response to Defendant's assertion, and relevant, admissible evidence in support of his position by August 29, 2017. Defendant may reply to Plaintiff's submission, if any, by September 12, 2017.

Entered this 15th day of August, 2017.

                                                                    s/ Sara Darrow
                                                                    SARA DARROW
                                                                   UNITED STATES DISTRICT